IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---------------------
No. 01-31402
Summary Calendar
---------------------

EDWARD DIXON,

                    Plaintiff - Appellant

JOE L. SMITH,

                    Intervenor Plaintiff - Appellant

        v.

THE REVELATION CORPORATION OF AMERICA, INC.; ET AL.,

                    Defendants - Intervenor Defendants

THE REVELATION CORPORATION OF AMERICA, INC.,

                    Defendant - Intervenor Defendant - Appellee

---

Appeal from the United States District Court
for the Middle District of Louisiana
(98-CV-863-A)

---

November 21, 2002

Before JOLLY, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Edward Dixon and Joe L. Smith appeal the district court's
judgment, following a bench trial, in favor of The Revelation
Corporation of America, Inc. ("RCA"), dismissing their claims for

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attorneys' fees and for detrimental reliance on RCA's alleged promises of employment.

With respect to their claims for attorneys' fees, the appellants argue that the district court's written findings of fact and conclusions of law are inconsistent with the court's oral statements, following completion of the bench trial, that the appellants had a viable claim for attorneys' fees. The district court's oral statements were not formal findings of fact and conclusions of law. The court made clear that it was "just kind of sharing" its thoughts with counsel. After sharing those thoughts, the district court took the matter under advisement. Upon further study, the district court found, in writing, that the legal services rendered by the appellants were performed on behalf of the National Baptist Convention of America, Inc. ("NBCA"), rather than on behalf of RCA. That finding of fact is not clearly erroneous. The district court observed further that there was no evidence that NBCA ever approved the appellants' attorneys' fee invoices or submitted them to RCA for reimbursement. Accordingly, the district court did not err by concluding that the appellants were not owed any attorneys' fees by RCA.

Furthermore, the district court did not commit reversible error in concluding that the appellants failed to prove that any offer of employment was ever made to them by RCA or by any authorized person on behalf of RCA. Therefore, the district court

did not err by dismissing the appellants' claims for detrimental reliance.

The judgment of the district court is AFFIRMED, essentially for the reasons stated by the district court in its Findings of Fact and Conclusions of Law.  <u>Dixon v. The Revelation Corporation of America, Inc., et al.</u>, Civ. Action No. 98-863-A (M.D. La., Nov. 9, 2001).

A F F I R M E D.

3